United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31049
Summary Calendar

SARAH PETERSON SYLVEST

Plaintiff - Appellant

v.

LOUISIANA SUBURBAN PRESS, INC; LOUISIANA STATE NEWSPAPERS
INC; MOODY COMPANY

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
3:99-CV-599
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Sarah Sylvest appeals from the jury
verdict and entry of judgment in favor of Defendants-Appellees
Louisiana Suburban Press, Inc., Louisiana State Newspapers, Inc.,
and Moody Company.  On appeal, Sylvest contends that the district
court committed error in the wording of both the jury
instructions and the jury verdict form.  For the reasons that
follow, we dismiss Sylvest's appeal and affirm the judgment of
the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sylvest brought this action against the Defendants, alleging that they had violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* The district court granted Defendants' motion for summary judgment and dismissed Sylvest's claims under the ADEA, a judgment Sylvest does not appeal. The district court, however, denied Defendants' motion for summary judgment with respect to Sylvest's ADA claims and allowed those claims to proceed to trial. At trial, the jury rendered a unanimous verdict rejecting Sylvest's claims under the ADA, and the district court subsequently entered judgment for Defendants. Thereafter, Sylvest filed a notice of appeal, but failed to include the trial transcript in the record on appeal.

Sylvest's failure to include the trial transcript in the record on appeal precludes us from reviewing her appeal on the merits. Under the Federal Rules of Appellate Procedure, an appellant who "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence . . . must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). Failure to include a transcript in the record is grounds for dismissal; however, the decision whether to dismiss an appeal due to lack of a transcript is within our discretion.

*See, e.g.*, *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1289 (5th Cir. 1995); *Coats v. Pierre*, 890 F.2d 728, 731 (5th Cir. 1989).

In the instant case, a transcript is required because Sylvest challenges the jury instructions, which were delivered orally by the district court and recorded only by the court reporter. A transcript also is required to determine whether Sylvest's objections to the jury verdict form were properly lodged in the district court. Absent a transcript, there is no record of how the jury instructions were actually worded or whether Sylvest objected at trial to the jury verdict form, thereby rendering appellate review of the issues raised by Sylvest impossible. Accordingly, we dismiss Sylvest's appeal and affirm the judgment of the district court.